1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| PERIDOT TREE WA, INC., | Civil No. |
| Plaintiff, | COMPLAINT |
| v. | 1. 42 U.S.C. § 1983 Dormant Commerce Clause |
| WASHINGTON STATE LIQUOR AND CANNABIS BOARD AND WILLIAM LUKELA, in his legal capacity as Director of Washington State Liquor and Cannabis Board. | 2. Declaratory Judgment |
| | 3. 42 U.S.C. § 1983 Dormant Commerce Clause |
| Defendants. | 4. Declaratory Judgment |

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

COMPLAINT                                      1

**INTRODUCTION**

Plaintiff Peridot Tree WA, Inc. ("Plaintiff") brings this action against defendants Washington State Liquor and Cannabis Board (the "Board") and William Lukela (together, "Defendants").

**PARTIES**

1.      Plaintiff Peridot Tree WA, Inc. is a corporation organized under the laws of the State of Washington.

2.      Defendant Washington State Liquor and Cannabis Board is an administrative agency of the State of Washington.

3.      Defendant William Lukela is the Director of Washington State Liquor and Cannabis Board.  Plaintiff sues Mr. Lukela in his official capacity.

4.      Upon information and belief, at all relevant times mentioned in this Complaint, Defendants, and each of them, were acting in concert and active participation with each other in committing the acts alleged herein, and were the agents of each other and were acting within the scope and authority of that agency and with the knowledge, consent and permission of one another.

**JURISDICTION AND VENUE**

5.      The Court has personal jurisdiction over the Board because it is a citizen of Washington.

6.      The Court has personal jurisdiction over Mr. Lukela because, on information and belief, he is a citizen of Washington.  Moreover, Mr. Lukela performed the actions complained of herein while within Washington.

7.      Venue is proper in this Judicial District because the Board is headquartered in this Judicial District and because Defendants performed the actions complained of herein while within this Judicial District.

8.      The Court has subject matter jurisdiction over this dispute under 28 U.S.C. section 1331 because it raises a question under the United States Constitution.

COMPLAINT                                         2

Jimmy Garg, PLLC
300 Lenora Street #1063
Seattle, WA 98121
Phone: 206-580-3790

## RELEVANT FACTS

9.      Plaintiff brings this action to challenge the unconstitutional program under which Defendants will award storefront retail cannabis licenses ("Licenses") for the State of Washington.

### A.  The Application Program

10.     Defendants accepted applications for Licenses through a Social Equity Application Program (the "Application Program").  The application period opened on March 1, 2023 and closed on April 27, 2023.  The Application Program was designed to award 46 total licenses by county, with eight licenses available for King County.

11.     The Application Program favors Washington residents in violation of the dormant Commerce Clause of the U.S. Constitution.

12.     The Washington Administrative Code sets forth "requirements [that] must be met by each applicant" in the Application Program.  Wash. Admin. Code § 314-55-570(2).  The applicant must be at least 51% owned by a person who meets the following requirements.

13.     First, the person must have "resided in Washington state for six months prior to the application date."  Wash. Admin. Code § 314-55-570(2).

14.     Second, the person must satisfy two of the following three qualifications: (1) the person lived in a Disproportionately Impacted Area *in Washington state* for a minimum of five years between 1980 and 2010; (2) the person or a family member was arrested or convicted of a cannabis offense; or (3) the person's household income in the year prior to submitting the application was less than the median household income *within the state of Washington* as calculated by the United States Census Bureau.  Wash. Admin. Code § 314-55-570(2).

15.     A Disproportionately Impacted Area "means a census tract *within Washington state* where community members were more likely to be impacted by the war on drugs."  Wash. Admin. Code § 314-55-570(1)(a) (emphasis added).

16.     Defendants provided maps for applicants to identify Disproportionately Impacted Areas within Washington. The maps reflected census tracts from different time periods to

COMPLAINT                                3                    **Jimmy Garg, PLLC**
                                                             300 Lenora Street #1063
                                                             Seattle, WA 98121
                                                             Phone: 206-580-3790

account for gentrification.  *See* Wash. Admin. Code § 314-55-570(3)(c)(viii).  Defendants provided no maps for citizens of other states to identify Disproportionately Impacted Areas within other states.

17.     Applicants were to select one county where they wished to operate their business. Wash. Admin. Code § 314-55-570(2).

18.     Defendants, through a third-party contractor, scored the applications using a scoring rubric that awards a maximum of 340 points.  *See* Wash. Admin. Code § 314-55-570(3)(c)(viii).  The rubric awards 20 points to applicants 51% owned by a person who lived in a Disproportionately Impacted Area within Washington for five to ten years, and 40 points for a person who lived in a Disproportionately Impacted Area within Washington for more than ten years.

19.     The rubric awarded 40 points to applicants 51% owned by a person convicted of a cannabis offense, 5 points for a person with a family member convicted of a cannabis offense, and 5 points for a person with a family member convicted of a non-cannabis drug offense.  The rubric awarded up to an additional 80 points depending on the sentence the person received if the applicant was 51% owned by a person convicted of a cannabis offense.

20.     The rubric awarded 10 points to applicants 51% owned by a person who operated a medical cannabis dispensary prior to July 1, 2016 that was not in a Disproportionately Impacted Area; and 30 points if the person operated a medical cannabis dispensary prior to July 1, 2016 that was in a Disproportionately Impacted Area.

21.     The application did not require applicants to obtain property for the business. The only cost for the application was the $250 application fee.

**B.  Defendants Rejected Plaintiff's Application**

22.     Plaintiff submitted an application.  Plaintiff meets all requirements for a License except the unconstitutional requirements that favor Washington residents.

23.     Plaintiff is not 51% owned by a person who resided in Washington for six months prior to the application date.

COMPLAINT                                          4

24.     Plaintiff is 51% owned by a person who lived in a disproportionately impacted area in Michigan for more than two years, but has never lived in Washington.  Plaintiff is 51% owned by a person convicted of a cannabis offense under Michigan law.

25.     Defendants rejected Plaintiff's application by letter dated September 17, 2023. The stated reason was "Applicant did not meet minimum qualifications."

**C.  Additional Ownership Restrictions**

26.     In addition to the residency requirement to participate in the Application Program, Defendants have a residency requirement to receive a License.  Under Revised Code of Washington section 69.50.331(1)(a)(ii), "A person doing business as a sole proprietor who has not lawfully resided in the state for at least six months prior to applying to receive a license."

27.     Under Washington Administrative Code section 314-55-020, Defendants must perform a residency check to confirm Washington state residency.

28.     Under Revised Code of Washington section 69.50.331 (1)(b), all applicants applying for a cannabis license must have resided in the state of Washington for at least six months prior to applying for a cannabis license.

**FIRST CAUSE OF ACTION**

**(Dormant Commerce Clause, 42 U.S.C. § 1983)**

**(Against All Defendants)**

29.     Plaintiff realleges and incorporates herein by reference each of the allegations set forth in the preceding paragraphs of the Complaint as though fully set forth herein.

30.     A state, including its subdivisions, may not enact laws that discriminate against citizens of other states.  *See, e.g., Tennessee Wine & Spirits Retailers Ass'n v. Thomas*, 139 S. Ct. 2449 (2019); *Fulton Corp. v. Faulkner*, 516 U.S. 325, 116 S. Ct. 848 (1996); *Oregon Waste Sys., Inc. v. Dep't of Envtl. Quality of State of Or.*, 511 U.S. 93 (1994); *Dean Milk Co. v. Madison*, 340 U.S. 349 (1951).

COMPLAINT                                        5                          **Jimmy Garg, PLLC**
                                                                            300 Lenora Street #1063
                                                                            Seattle, WA 98121
                                                                            Phone: 206-580-3790

31.     Defendants enacted laws that provide a preference to Washington residents over out-of-state residents for the Application Program for Licenses.  In doing so, Defendants violated the dormant Commerce Clause of the United States Constitution.

32.     Defendants violated Plaintiff's rights by depriving Plaintiff of the opportunity to participate in the application program.

33.     Injunctive relief is necessary to prevent Defendants from proceeding with the unconstitutional Application Program that favors Washington residents over out-of-state residents.

## SECOND CAUSE OF ACTION

### (Declaratory Relief, 28 U.S.C. § 2201)

### (Against All Defendants)

1.     Plaintiff realleges and incorporates herein by reference each of the allegations set forth in the preceding paragraphs of the Complaint as though fully set forth herein.

2.     The Application Program violates the dormant Commerce Clause of the United States Constitution.  An actual controversy exists between Plaintiff and Defendants as to whether Defendant may proceed with the unconstitutional Application Program for Licenses and whether Plaintiff's application should be included in the application program.

3.     Declaratory relief is necessary to resolve this dispute.

## THIRD CAUSE OF ACTION

### (Dormant Commerce Clause, 42 U.S.C. § 1983)

### (Against All Defendants)

1.     Plaintiff realleges and incorporates herein by reference each of the allegations set forth in the preceding paragraphs of the Complaint as though fully set forth herein.

2.     A state, including its subdivisions, may not enact laws that discriminate against citizens of other states.  *See, e.g., Tennessee Wine & Spirits Retailers Ass'n v. Thomas*, 139 S. Ct. 2449 (2019); *Fulton Corp. v. Faulkner*, 516 U.S. 325, 116 S. Ct. 848 (1996); *Oregon Waste*

COMPLAINT                                      6

*Sys., Inc. v. Dep't of Envtl. Quality of State of Or.*, 511 U.S. 93 (1994); *Dean Milk Co. v. Madison*, 340 U.S. 349 (1951).

3.     Defendants enacted laws that require a person to be a resident of Washington for six months before obtaining a cannabis business License.  In doing so, Defendants violated the dormant Commerce Clause of the United States Constitution.

4.     Defendants violated Plaintiff's rights by depriving Plaintiff of the opportunity to obtain a License.

34.     Injunctive relief is necessary to prevent Defendants from enforcing the residency requirement for ownership of a License.

## FOURTH CAUSE OF ACTION

### (Declaratory Relief, 28 U.S.C. § 2201)

### (Against All Defendants)

5.     Plaintiff realleges and incorporates herein by reference each of the allegations set forth in the preceding paragraphs of the Complaint as though fully set forth herein.

6.     Defendants enacted laws that require a person to be a resident of Washington for six months before obtaining a cannabis business License.  In doing so, Defendants violated the dormant Commerce Clause of the United States Constitution.

7.     Defendants violated Plaintiff's rights by depriving Plaintiff of the opportunity to obtain a License.

8.     An actual controversy exists between Plaintiff and Defendants as to whether Defendants may enforce the unconstitutional residency requirement.

9.     Declaratory relief is necessary to resolve this dispute.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1.  For the first claim, an injunction prohibiting Defendants from enforcing any law or regulation that favors Washington residents over residents of other states in granting Licenses, including WAC 314-55-570.

COMPLAINT                 7

2. For the first claim, an injunction prohibiting Defendants from granting any Licenses under the unconstitutional application program.

3. For the second claim, a declaration that WAC 314-55-570 is unconstitutional and cannot be enforced.

4. For the third claim, an injunction prohibiting Defendants from enforcing any law or regulation that requires residency in Washington to obtain a cannabis business License, including Revised Code of Washington section 69.50.331(1)(a)(ii), Washington Administrative Code section 314-55-020, and Revised Code of Washington section 69.50.331 (1)(b).

5. For the fourth claim, a declaration that Revised Code of Washington section 69.50.331(1)(a)(ii), Washington Administrative Code section 314-55-020, and Revised Code of Washington section 69.50.331 (1)(b) are unconstitutional and cannot be enforced.

6. An award of attorneys' fees and costs.

7. For such other and further relief as this Court shall deem appropriate.

COMPLAINT

8

1   DATED this <u>December 4, 2023</u>    JIMMY GARG, PLLC

2

3

4                                   By:

5                                       Jimmy Garg (WSBA 49049)

6                                       300 Lenora Street #1063
Seattle, WA 98121

7                                       (206) 580-3790
Local Counsel

8

9                                       Jeffrey M. Jensen (CA SBN 262710)
(pro hac vice application pending)

10                                    9903 Santa Monica Blvd. #890
Beverly Hills, CA 90212

11                                    (310) 909-7043
Lead Counsel

12                                    *Attorneys for plaintiff Peridot Tree WA, Inc.*

13

14

15

16

17       .

18

19

20

21

22

23

24

25

26

27

COMPLAINT                               9