# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| PERIDOT TREE WA, INC., <br><br> Plaintiff, <br><br> v. <br><br> WASHINGTON STATE LIQUOR AND CANNABIS BOARD and WILLIAM LUKELA, in his legal capacity as Director of Washington State Liquor and Cannabis Board, <br><br> Defendants. | NO. 3:23-cv-06111-GJL <br><br> [PROPOSED] ORDER DENYING MOTION FOR TEMPORARY.RESTRAINING ORDER AND PRELIMINARY INJUNCTION |

THIS MATTER is before the Court on Petitioner's Motion for a Temporary Restraining Order Preliminary Injunction (Motion). The Court has considered the Motion, the Declarations of Jeffrey Jensen, and Kenneth Gay in Support of Motion, the Response to Motion, and the Declarations of Rebecca Smith, Nicola Reid and Joshua Bolender in Support of Response to the Motion, the files and records herein, and the Court is fully advised in the matter. After careful consideration the Court is persuaded that Petitioner's Motion must be **DENIED**.

## I.   DISCUSSION

In 2012, voters in the state of Washington passed Initiative Measure 502 (I-502), decriminalizing marijuana. I-502 is primarily codified in Chapter 69.50 Wash Rev. Code.

[PROPOSED] ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION

1

ATTORNEY GENERAL OF WASHINGTON
Licensing & Administrative Law Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7676

Statutory requirements for licensure included a 3-month residency at the time of application. Wash Rev. Code § 69.50.331 (2012). This requirement was later amended in 2015 to a 6-month requirement. Wash Rev. Code § 69.50.331 (2015).

In 2020, the Washington Legislature adopt a Social Equity to help remedy "harms resulting from the enforcement of cannabis-related laws in disproportionally impacted areas …" and "further an equitable cannabis industry by promoting business ownership among individuals who have resided in areas of high poverty and high enforcement of cannabis-related laws." Washington Laws of 2020, chpt. 236, § 1(3).

To qualify for the program an applicant must meet two of the following three criteria:

- Lived in a disproportionately impacted area in Washington for a minimum of five years between 1980 and 2010;
- Been arrested or convicted of a cannabis offense, or had a family member arrested or convicted of a cannabis offense;
- Had a household income in the year prior to submitting an application of less than the median household income in Washington.

Wash. Admin. Code. § 314-55-570; Wash. Rev. Code § 69.50.335(2022).

Plaintiff is a Washington corporation whose members are not Washington residents. Plaintiff submitted a Social Equity application in hopes of being allowed to obtain one of eight available licenses in King County, Washington. Because Peridot Tree WA, Inc. (Peridot) did not meet the minimum qualifications for the Social Equity Program, the Washington State Liquor and Cannabis Board withdrew its application on September 17, 2023. Peridot did not submit a timely appeal. Instead 82 days after receiving the notice that its application was withdrawn, it filed this action and sought a Temporary Restraining Order and Preliminary Injunction.

Plaintiff seeks declaratory judgment to invalidate the residency requirements contained in Wash. Rev. Code § 69.50.331 and associated rules as well as the scoring criteria for Social Equity applications because they violate the dormant Commerce Clause, and alleged a Temporary Restraining Order and Preliminary Injunctions are necessary to prevent the Plaintiff from being irreparably harmed.

[PROPOSED] ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION

2

ATTORNEY GENERAL OF WASHINGTON
Licensing & Administrative Law Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7676

To obtain a temporary restraining order or a preliminary injunction, Plaintiff has the burden to demonstrate that (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of the equities tips in their favor; and (4) an injunction is in the public interest. *Winter v. Natural Res. Defense Council, Inc.*, 555 U.S. 7, 20. Alternatively, Petitioner may secure preliminary injunctive relief by raising "serious questions" going to the merits and showing that a balancing of the hardships "tips sharply" in the Petitioner's favor. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). The Court finds that under either formulation, Petitioner has not met the required factors to be entitled to preliminary injunction.

Specifically, the Court **FINDS** as follows:

**A.      Likelihood of Merits**

The record indicates that there is not a likelihood of Petitioner's success on the merits.

1. Standing

This Courts finds that Peridot has failed to establish it has suffered an injury in fact that is fairly traceable to Washington's Residency Requirements. Peridot failed to establish that but for Washington's Residency Requirements that it would have been selected to proceed with licensing for one of the eight licenses in King County. Without such a showing, Peridot lacks standing and no relief can be granted.

2. Dormant Commerce Clause

The Court concludes, as it did in *Brinkmeyer,* that the requirements of the dormant Commerce Clause are inapplicable to Washington's residency requirements because it does not apply to federally illegal markets, including Washington's cannabis market. Therefore, Washington's residency requirements do not violate it.

Even if this Court were to hold that Washington's residency requirements and Social Equity requirements were subject to the dormant Commerce Clause, Washington's residency

requirements and Social Equity criteria are narrowly tailored to achieve a legitimate purpose and do not violate the dormant Commerce Clause.

**B.   Irreparable Harm**

The Court further finds that the Plaintiff has not established irreparable harm. Peridot prolonged unexplained delay in bringing this action supports finding that there is no irreparable harm necessitating relief. Further, Peridot harms are purely speculative in nature because it failed to establish but for the residency requirements it would have been chosen to process for a license in King County and ultimately would have received that license. The Plaintiff failed to meet its burden in showing irreparable harm.

**C.   Balance of Equities**

The Court finds that the other applicants who were selected to process for licenses have already invested substantial and significant resources since being notified in September that they had been selected. When these investments are compared to the speculative harm which may be suffered by the Plaintiff, the balance of equities do not favor the Plaintiff.

**D.   Public Interest**

The Court finds that emergency injunctive relief is not in the public interest. The selected applicants would be actually and substantially harmed if the Social Equity Program was enjoined. Further, a conflicting opinion between this matter and *Brinkmeyer* would sow the seeds of discord and create chaos in Washington's marijuana programs. By denying the temporary injunction, the Court recognizes it is preserving a law that has been intact for over eight years. Petitioner fails to show a TRO would be in the public's interest.

## II.   CONCLUSION

For the above reasons, the Plaintiff failed to meet its burden to show any of the four factors to be entitled to a preliminary injunction.

ACCORDINGLY,

IT IS HEREBY ORDERED:

[PROPOSED] ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION

4

ATTORNEY GENERAL OF WASHINGTON
Licensing & Administrative Law Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7676

(1) Petitioner's Motion for Temporary Restraining Order and Preliminary Injunction is DENIED (Dkt. # 6)

(2) The hearing on Petition's Motion for Preliminary Injunction noted for January 12, 2024 is STRICKEN; and

(3) The Clerk is directed to send copies of this Order to counsel for Petitioner, and counsel for Defendant.

Dated this _____ day of _____, 2023.

_____
GRADY J. LEUPOLD
UNITED STATES DISTRICT MAGISTRATE JUDGE

Presented by:

*/s/ Jonathan Pitel*
JONATHAN PITEL, WSBA No. 47516
Assistant Attorney General
PENNY L. ALLEN, WSBA No. 18826
Senior Counsel
1125 Washington St SE
Olympia, WA 98504-0110
Phone: (360) 753-2702
Email:  Jonathan.Pitel@atg.wa.gov
        PennyL.Allen@atg.wa.gov
        LALOlyEF@atg.wa.gov

[PROPOSED] ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION

5

ATTORNEY GENERAL OF WASHINGTON
Licensing & Administrative Law Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7676