UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PERIDOT TREE WA INC, | Case No. 3:23-cv-06111-TMC |
| Plaintiff, | ORDER DENYING ENTRY OF FINAL ORDER UNDER FRCP 65(A)(2) |
| v. | |
| WASHINGTON STATE LIQUOR AND CANNABIS CONTROL BOARD; WILLIAM LUKELA, | |
| Defendants. | |

## I.    INTRODUCTION

On January 5, 2024, this Court entered an order denying Plaintiff Peridot Tree WA Inc.'s ("Peridot Tree") motion for preliminary injunction. Dkt. 33. On January 11, Defendants Washington State Liquor and Cannabis Control Board and William Lukela filed a motion requesting entry of a final order on the merits under Federal Rule of Civil Procedure 65(a)(2). Dkt. 35. Because Defendants do not present authority allowing the Court to consolidate trial on the merits with a preliminary injunction hearing after the hearing is completed and the preliminary order issued, the motion is denied.

ORDER DENYING ENTRY OF FINAL ORDER UNDER FRCP 65(A)(2) - 1

## II.     BACKGROUND

This case concerns Peridot Tree's challenge under the dormant Commerce Clause to Washington state's residency requirements for retail cannabis licenses. Peridot Tree filed its complaint on December 4, 2023 and moved for a temporary restraining order and preliminary injunction on December 8. Dkt. 1, 6. At a hearing on December 14, the Court denied the request for a temporary restraining order and set the preliminary injunction hearing for December 29. Dkt. 23. The parties confirmed at the December 14 hearing that they did not intend to present evidence at the preliminary injunction hearing and instead would rely on the written record and oral argument. But neither the parties nor the Court raised whether the Court should "advance the trial on the merits and consolidate it with the [preliminary injunction] hearing." Fed. R. Civ. P. 65(a)(2).

After the Court denied the preliminary injunction on January 5, 2024 (Dkt. 33), Defendants moved for entry of a final order on the merits. Dkt. 35. Defendants argue that the Court's conclusion that the dormant Commerce Clause does not protect the right to participate in an illegal interstate market "resolves the entirety of Plaintiff's First Amended Complaint." *Id.* at 1. Peridot Tree opposes the motion and represents that it intends to conduct discovery on whether it would have scored high enough to obtain a cannabis license but-for the challenged residency requirements, and whether successful applicants have already spent money in reliance on their eligibility for a license, questions that were relevant to the Court's analysis of irreparable harm, the balance of equities, and the public interest. Dkt. 35 at 1–2.

## III.     DISCUSSION

Federal Rule of Civil Procedure 65(a)(2) provides that "[b]efore or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing." "A district court must give clear and unambiguous notice of

the court's intent to consolidate the trial and the hearing either before the hearing commences or at a time which will still afford the parties a full opportunity to present their respective cases." *Slidewaters LLC v. Wash. Dep't of Labor & Indus.*, 4 F.4th 747, 759 (9th Cir. 2021) (cleaned up). This includes providing "sufficient time" for a party "to protest the consolidation or submit additional arguments for the court to consider." *Id.* at 760.

Here, Defendants ask the Court to "consolidate" the trial on the merits and the preliminary injunction hearing after the hearing has concluded and the Court has issued its ruling. Defendants argue this is permissible under *Slidewaters* because the Court's order denying the preliminary injunction was based primarily on questions of law. Dkt. 35 at 2; *see Slidewaters*, 4 F.4th at 760 (holding Slidewaters was not prejudiced by consolidation where "[t]he issues raised by the complaint were legal"). But the district court in *Slidewaters* notified the parties "a week before the date set for submission of the motion" that the court intended to treat the motion as one for a permanent injunction, and Slidewaters did not object. *Id.* at 759–60; *see also Edmo v. Corizon, Inc.*, 935 F.3d 757, 801 (9th Cir. 2019) (upholding consolidation where district court provided notice at the beginning of the hearing following four months of discovery).

Defendants have not cited, and the Court is not aware of, any authority allowing consolidation under Rule 65(a)(2) at this stage of the proceedings. Doing so would also be inconsistent with the requirement that the court provide "clear and unambiguous notice" either before the preliminary injunction hearing or at a time sufficient to allow the parties to present additional evidence at the hearing. *See Slidewaters*, 4 F.4th at 759. Additionally, Peridot Tree has objected to consolidation, and has identified additional evidence that it would have sought to develop before entry of a permanent injunction. Dkt. 38 at 2. Under these circumstances, the Court is not convinced that it has authority under Rule 65(a)(2) to enter a final order on the merits.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

### IV.    CONCLUSION

For the reasons explained above, Defendants motion for entry of a final order on the merits (Dkt. 35) is DENIED.

Dated this 6th day of February, 2024.

_____
Tiffany M. Cartwright
United States District Judge

ORDER DENYING ENTRY OF FINAL ORDER UNDER FRCP 65(A)(2) - 4